IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY HAMM,

        **Plaintiff,**

v.

        Case No. 3:26-CV-287-NJR

MASSAC COUNTY ILLINOIS,
MASSAC COUNTY BOARD OF
COMMISSIONERS, JAYSON FARMER,
JEFF BRUGGER, and
JIMMY BURNHAM,

        **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on consideration of Plaintiff Gary Hamm's response (Doc. 24) to this Court's second order to show cause (Doc. 23). After Hamm had failed to file a response to a motion to dismiss, the Court ordered him to show cause for the second time in three months. (Doc. 23). Because Hamm's response is woefully insufficient, the Court dismisses the case for want of prosecution.

**I**

Hamm was an elected county official—the Supervisor of Assessments for Massac County, Illinois.[*] (Doc. 1, ¶ 1). This was no small achievement; indeed, prior to a campaign spearheaded by Hamm, the position of Supervisor of Assessments was not an

---

[*] The Court pulls this brief description of the facts from Hamm's complaint (Doc. 1), accepting for the purposes of this order his allegations as true. However, the truth or falsity of Hamm's allegations is not relevant for present purposes; the Court merely seeks to provide some context.

elected position at all. *See id.* ¶¶ 1, 11(E)(1). But success in local politics, it seems, has its drawbacks. As Hamm sees it, the wages of his electoral ambitions (as well as his attempts to hold the bigwigs on the Board of Commissioners accountable) were "political enemies." *Id.* ¶¶ 11, 11(A)–(E). Defendants Jayson Farmer, Jeff Brugger, and Jimmy Burnham—Chairman, Vice Chairman, and Secretary of the Massac County Board of Commissioners, respectively—sought to take revenge. *See id.* ¶¶ 4–6, 11, 11(A)–(E). They unanimously voted to dismiss him from his position, finding him guilty of mis-, mal-, and nonfeasance. *Id.* ¶ 20.

Hamm now sues those three Board members, as well as the Board and County themselves. *Id.* ¶¶ 2–6. He alleges his dismissal (1) was an act of retaliation in violation of the First Amendment, and (2) deprived him of his liberty interest in the position of Supervisor of Assessments without due process in violation of the Fourteenth Amendment. *Id.* ¶¶ 7–12. He seeks reinstatement, lost wages and benefits, damages for emotional distress of at least $50,000, and punitive damages of at least $150,000. *Id.* at 4–5.

On May 28, 2026, Defendants Massac County, Illinois, Massac County Board of Supervisors, Chairman Farmer, Vice Chairman Brugger, and Secretary Burnham filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 22). They argue first that Hamm cannot state a due process claim as he had neither a property nor a liberty interest in his position. (Doc. 22, at 3–5). Even if he did have such an interest, the claim is barred due to the availability of an adequate state remedy. *Id.* at 5. Further, they contend Hamm failed to allege the elements of a First Amendment retaliation claim.

*Id.* at 5–6. And finally, they ask this Court to dismiss the due process claim against Farmer, Brugger, and Burnham on qualified immunity grounds. *Id.* at 6–8.

Hamm did not file a response to this motion within the deadline. (*See* Doc. 23). Because Hamm had already once been the subject of a show-cause order in this matter (Doc. 13; *see also* Docs. 4, 12), the Court explained that it was "troubled by his counsel's repeated failures to comply with procedural rules and orders" and ordered him to show cause why his case should not be dismissed for want of prosecution pursuant to Rule 41(b) (Doc. 23). Alternatively, Hamm could have satisfied the order by moving for an extension of the response deadline pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. (Doc. 23). A failure to do either, the Court warned, "will result in the dismissal of this case with prejudice." *Id.*

Hamm's counsel has now filed his response to the show-cause order. (Doc. 24). It contains two sentences, which are reproduced below in their entirety:

1. Counsel for Hamm investigated the Motion to Dismiss the Governmental Entities named as Defendants shortly after it was filed, and has concluded that the Defendants are correct and the case should be dismissed as to them only.

2. Counsel apologizes to the Court for his failure to file a timely response.

*Id.* Not one word has been omitted.

## II

Under Rule 41(b), the Court has the authority to dismiss a plaintiff's case for a failure to prosecute or to comply with court orders. FED. R. CIV. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (the inherent power of a court to dismiss an action

for want of prosecution "cannot seriously be doubted"). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *GCIU Employer Retirement Fund v. Chi. Trib. Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993) (alteration in original) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). In the Seventh Circuit, a district court must warn plaintiff's counsel that dismissal is on the table; once it has done so, the decision whether to dismiss for want of prosecution is committed to the district court's discretion. *See, e.g.*, *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857–59 (7th Cir. 1998).

Here, Hamm has twice been subjected to an order to show cause. (Docs. 13, 23). Given that his case is only four months old, this is an inauspicious start. To hopefully prevent further problems and delays down the road, the Court decided not to wait long after Hamm missed the response deadline to demand an explanation. Hamm needed either to explain why he was not failing to prosecute his case or—if that was too onerous—to *at least* ask for an extension to file his response to Defendants' motion to dismiss; even without an explanation, that would have satisfied the Court that Hamm was invested in pursuing his litigation and would not have to be hounded to comply with every single deadline between now and trial.

But Hamm has failed utterly to meet even this Court's *extremely* low bar. Instead of asking for extra time to respond to the motion to dismiss, Hamm's counsel makes a baffling submission. First, he describes the motion to dismiss (which is titled

Page 4 of 6

"Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)," (Doc. 22)) as a "Motion to Dismiss the Governmental Entities named as Defendants" (Doc. 24). (There is no such motion on the docket.) He then explains that "Defendants are correct" and the case should be dismissed "as to them only." (Doc. 24). (By "them," the Court assumes Hamm means to refer to the "governmental entities" Massac County and the Board of Commissioners, though arguably one could understand all five Defendants to be "governmental entities.") And then Hamm's counsel apologizes for failing to timely respond to the motion, although he provides no explanation for the failure. *Id.*

This response is completely unsatisfactory. First, although Hamm's counsel claims to have "investigated" Defendants' motion, it is apparent he has not done so: the motion seeks dismissal of the case as to *all* Defendants, not just the "governmental" ones. To the extent the motion distinguishes between governmental and non-governmental defendants *at all*, it asks for the due process claim against the non-governmental defendants to be dismissed on qualified immunity grounds. If Hamm's counsel had indeed "investigated" the motion (say, by reading it), he would have discovered that his conclusory statement makes no sense—none of Defendants' arguments apply only to the governmental defendants, so agreeing that Defendants are "correct" that those defendants should be dismissed raises more questions than it answers.

Second, Hamm's counsel does not ask for an extension to respond to the motion to dismiss *even as to the defendants he thinks should still be in the case*. He does not explain why Defendants' arguments are incorrect as to the individual defendants or ask for permission to file an untimely response *explaining* that difference. He seems to hope that

Page 5 of 6

this will end the matter. But it does not. Even if the Court takes Hamm's concession that Massac County and the Board should be dismissed, the Court still needs to address the rest of Defendants' motion. And Hamm does not appear interested in litigating it.

Because Hamm has twice failed to meet Court deadlines in just the short span of time since filing this action, the Court warned him that it would dismiss his case with prejudice unless he (1) satisfied the Court that he was not failing to prosecute this case, or (2) asked for more time to respond. Hamm has done neither. Instead, he filed a perfunctory response devoid of explanation, contrition, or a credible commitment to prosecute this case and comply with Court orders going forward.

Under the circumstances presented here, the Court finds that Hamm has failed to comply with its orders and failed to prosecute this matter. This action is therefore **DISMISSED with prejudice** pursuant to Rule 41(b). FED. R. CIV. P. 41(b); *see also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

      **IT IS SO ORDERED.**

      **DATED:   July 15, 2026**

                                      **NANCY J. ROSENSTENGEL**
                                      **United States District Judge**